1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN PHONTHACHACK,

11              Petitioner,               No. CIV S-09-0979 FCD DAD P

12        vs.

13   J. LIZARRAGA, Warden,                ORDER AND

14              Respondent.               FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an amended petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 11, 2009, the undersigned ordered

18   respondent to file and serve a response to the petition.  On July 10, 2009, respondent filed the

19   pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the

20   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has not filed an

21   opposition to the motion.[1]

22   /////

23

24        [1]  On August 19, 2009, the undersigned issued an order to show cause, ordering petitioner
     to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner
25   that failure to do so could "be deemed a waiver of any opposition to the granting of the motion."
     Petitioner has not complied with the court's order.  Accordingly, dismissal pursuant to Federal Rule
26   of Civil Procedure 41(b) would be justified.

                                          1

**BACKGROUND**

On April 28, 2004, a Sacramento County Superior Court jury convicted petitioner of attempted murder. The jury also found use of a firearm and gang enhancement allegations to be true. As a result, the trial court sentenced petitioner to an indeterminate term of thirty-two years to life in state prison. On March 16, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On June 14, 2006, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged Docs. 1-4.)

Petitioner subsequently filed three petitions for writ of habeas corpus in the state courts. On November 15, 2006, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on February 20, 2007. On March 30, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on May 17, 2007. Finally, on April 22, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on October 1, 2008. (Resp't's Lodged Docs. 5-11.)

On April 8, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus. On April 28, 2009, petitioner filed an amended petition.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on June 14, 2006, the California Supreme Court denied petitioner's petition for review, causing petitioner's judgment of conviction to become "final" on September 12, 2006, after the time for filing a petition for writ of certiorari with the United States Supreme Court expired. Respondent argues that the one-year statute of limitations for filing a federal habeas petition began to run the following day, on September 13, 2006, and expired one year later on September 12, 2007. (Resp't's Mot. to Dismiss at 2-3.)

/////

1        Respondent acknowledges that the proper filing of a state post-conviction

2  application challenging a judgment of conviction tolls the applicable one-year statute of

3  limitations period.  Respondent also concedes that petitioner is entitled to tolling for 184 days

4  under the statute of limitations for the time that his state habeas petitions were pending in the

5  Sacramento County Superior Court and before the California Court of Appeal.  However,

6  respondent argues that petitioner unreasonably delayed in filing his third habeas petition with the

7  California Supreme Court and is therefore not entitled to tolling of the federal statute of

8  limitations for the 342 days between the California Court of Appeal's denial of his second

9  petition and his filing of his third petition with the California Supreme Court.  (Resp't's Mot. to

10  Dismiss at 3-5.)

11        Granting petitioner the benefit of 184 days of tolling, respondent contends that the

12  one-year statute of limitations for the filing of a federal habeas petition expired on March 14,

13  2008.  Respondent notes that petitioner, however, did not file his federal petition until more than

14  a year later on April 8, 2009.  Finally, respondent contends that the habeas petition filed with the

15  California Supreme Court took place after the federal statute of limitations expired and does not

16  restart the clock at zero or otherwise save petitioner's claims from being time-barred.

17  Accordingly, respondent concludes that petitioner's federal petition for writ of habeas corpus is

18  untimely and should be dismissed with prejudice.  (Resp't's Mot. to Dismiss at 5.)

19        **ANALYSIS**

20  I.  The AEDPA Statute of Limitations

21        On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

22  by adding the following provision:

23       (d)(1)  A 1-year period of limitation shall apply to an application
           for a writ of habeas corpus by a person in custody pursuant to the

24          judgment of a State court.  The limitation period shall run from the
           latest of –

25  /////

26  /////

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

As noted above, on April 28, 2004, in the Sacramento County Superior Court, petitioner was found guilty of attempted murder and use of a firearm and gang enhancement allegations were also found be true. He was sentenced to an indeterminate term of thirty-two years to life in state prison. On March 16, 2006, the California Court of Appeal for the Third Appellate District affirmed that judgment of conviction. On June 14, 2006, the California Supreme Court denied review.

For purposes of federal habeas review, petitioner's conviction became final on September 12, 2006, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the

1  following day, on September 13, 2006, and expired one year later on September 12, 2007.

2  Petitioner did not file his federal habeas petition with this court until April 8, 2009.  Accordingly,

3  petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the

4  benefit of tolling.

5  III.  Application of § 2244(d)(2)

6          "The time during which a properly filed application for State post-conviction or

7  other collateral review with respect to the pertinent judgment or claim is pending shall not be

8  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

9  limitations is not tolled during the interval between the date on which a judgment becomes final

10 and the date on which the petitioner files his first state collateral challenge because there is no

11 case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

12 commences state collateral proceedings, a state habeas petition is "pending" during a full round

13 of review in the state courts, including the time between a lower court decision and the filing of a

14 new petition in a higher court, as long as the intervals between the filing of those petitions are

15 "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

16          In this case, sixty-three days of the AEDPA's one-year statute of limitations

17 elapsed before petitioner filed his first habeas petition in the Sacramento County Superior Court

18 on November 15, 2006.  As respondent acknowledges, petitioner is entitled to 184 days of tolling

19 for the time that petitioner's habeas petitions were pending before the Superior Court and the

20 California Court of Appeal.  However, petitioner is not entitled to tolling for the 342 days that

21 elapsed between the California Court of Appeal's denial of his second habeas petition and his

22 filing of this third habeas petition with the California Supreme Court.  Petitioner unreasonably

23 delayed in filing his petition with the California Supreme Court and has not explained or justified

24 this delay in any way.  See, e.g., Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006)

25 (unexplained delays of eighteen, fifteen, and ten months between habeas filings are unreasonable

26 /////

1   and not subject to interval tolling).  During this lengthy interval, the AEDPA statute of

2   limitations for the filing of a federal habeas petition expired.

3             In reaching this conclusion, the court has taken into account the following.  In

4   Evans v. Chavis, 546 U.S. 189, 192-93 (2006), the United States Supreme Court acknowledged

5   that in California, a state prisoner may seek review of an adverse lower court decision by filing a

6   habeas petition in a higher court, and that such a petition is timely if it is filed within a

7   "'reasonable time.'"  Id. at 192-93.  In deciding in that case whether the three-year interval

8   between the California Court of Appeal's denial and the filing of a habeas petition with the

9   California Supreme Court was reasonable, the Supreme Court concluded that in "viewing every

10  disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified,

11  delay of at least six months."  Id. at 201.   In that context, the Supreme Court stated as follows:

12            Six months is far longer than the "short period[s] of time," 30 to 60
              days, that most States provide for filing an appeal to the state
13            supreme court.  Saffold, supra, at 219, 122 S. Ct. 2134.  It is far
              longer than the 10-day period California gives a losing party to file
14            a notice of appeal in the California Supreme Court, see Cal. App.
              Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting,
15            nor found any convincing reason to believe, that California would
              consider an unjustified or unexplained 6-month filing delay
16            "reasonable."  Nor do we see how an unexplained delay of this
              magnitude could fall within the scope of the federal statutory word
17            "pending" as interpreted in Saffold.

18  Id.  Thus, "Evans made clear that an unexplained delay of six months between the denial of one

19  California state court and a new filing in a higher California court was too long to permit tolling

20  of the federal limitations period on the ground that state court proceedings were 'pending.'"

21  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).[2]

22

23            [2]  It may be that petitioner could have provided an adequate explanation for all or part of his
      342-day delay in proceeding from one state court to the next.  As one district court has noted,
24    California courts have excused long delays "where the petitioner was uneducated, was ignorant of
      legal rights and procedures" and "[t]he United Supreme Court has also implied that a delay may be
25    excused if the prisoner was unable to access the prison law library due to scheduling conflicts or
      prison lockdowns."  Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at
26    *5 (C.D. Cal. Oct. 30, 2008).  See also White v. Ollison, 530 F. Supp. 2d 1077, 1083 (C.D. Cal.
      2007) (76-day delay to resubmit petition on a proper form after Clerk of the Court refused to file it

1        Finally, although petitioner eventually filed a habeas petition with the California

2   Supreme Court, "section 2244(d) does not permit the reinitiation of the limitations period that

3   has ended before the state petition was filed."  Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir.

4   2003).  Accordingly, by the time petitioner filed his federal habeas petition on April 8, 2009,

5   more than one year had run on the AEDPA statute of limitations, rendering petitioner's federal

6   habeas petition time-barred.

7        For the reasons discussed above, respondent's motion to dismiss should be

8   granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with

9   prejudice.

10                              **OTHER MATTERS**

11       Respondent has informed the court that James Walker, not J. Lizarraga, is the

12  current warden at California State Prison, Sacramento.  Respondent requests that the court

13  substitute Warden Walker as respondent in this action.  Good cause appearing, the court will

14  grant respondent's request.

15  /////

16  /////

17  /////

18

19  was not unexplained and was therefore subject to tolling); Bui v. Hedgpeth, 516 F. Supp. 2d 1170,
    1174-76 (C.D. Cal. 2007) (83-day delay to conduct additional research and 158-day delay due to
20  difficulties in obtaining photocopies properly tolled); Roeung v. Felker, 484 F. Supp. 2d 1081, 1084-
    85 (C.D. Cal. 2007) (six-month delay to conduct further research and expand petition properly
21  tolled); Haynes v. Carey, No. Civ. S-07-0484 LKK DAD P, 2007 WL 3046008, *3-5 & n.3 (E.D.
    Cal. Oct. 18, 2007) (170-day gap between denial of relief and filing of the next petition was
22  explained by prison law library closures and library access limited by lock downs, staff meetings,
    training and schedule irregularities and therefore was subject to tolling); Burke v. Campbell, No. Civ.
23  S-06-0459 FCD DAD P, 2006 WL 3589510 (E.D. Cal. Dec. 11, 2006) (significant delays explained
    by limited prison law library access, complexity of legal issues to be raised, serious medical
24  conditions and other legal actions against which petitioner was forced to defend properly subject to
    tolling where respondent failed to rebut the explanations).  However, as noted above, petitioner has
25  filed no opposition to the pending motion even after the court's August 19, 2009, order to show
    cause directing him to do so.  As such, the delay of nearly a year remains completely unexplained
26  and is therefore not subject to tolling.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondent's July 10, 2009 request to substitute Warden Walker as respondent in this action (Doc. No. 13) is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Warden James Walker is the respondent in this action.

IT IS HEREBY RECOMMENDED that:

1. Respondent's July 10, 2009 motion to dismiss (Doc. No. 13) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2009.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
phon0979.157

8